UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

SUSAN DIANA SCARBROUGH

    **Plaintiff,**

v.

CAROLYN W. COLVIN,
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No. 14-2175

## REPORT AND RECOMMENDATION

Plaintiff Susan Diana Scarbrough seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her applications for disability insurance benefits and supplemental security income. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#15)** be **DENIED**, Defendant's Motion for Summary Judgment **(#17)** be **GRANTED**, and that the decision to deny benefits be affirmed.

### I.  Background

On July 13, 2010, Plaintiff protectively filed a Title II application for disability insurance benefits and supplementary security income, alleging disability beginning April 1, 2009. Plaintiff's claim was denied initially on November 24, 2010, and upon reconsideration on March 18, 2011. Plaintiff, represented by counsel, appeared and testified at a video hearing before an Administrative Law Judge (ALJ), during which the ALJ heard testimony from Plaintiff and Ruth Van Fleet, an impartial vocational expert (VE).

On October 25, 2012, the ALJ issued an unfavorable decision. The ALJ found that Plaintiff has the severe impairments of mild degenerative disc disease of the cervical

and lumbar spine; history of polysubstance abuse with continuing marijuana use; and mild chronic obstructive pulmonary disorder (20 CFR 404.1520(c) and 416.920(c)) (R. 23). The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (R. 26). Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). (R. 26).

The ALJ found that Plaintiff is unable to perform any past relevant work as a bookkeeping/accountant clerk, file clerk, receptionist, dishwasher, cook, waitress, or cashier, but that there are jobs that exist in significant numbers in the national economy which Plaintiff can perform.

Plaintiff, proceeding pro se, argues that 1) Plaintiff is unable to work due to her physical limitations; 2) the ALJ erred in failing to follow the VE's recommendation that no jobs existed which Plaintiff could perform; and 3) the ALJ made inappropriate jokes during the hearing.

## II.    Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

### III.     Discussion

#### a.     Medical Opinion Evidence

In her pro se motion, Plaintiff argues that she is unable to work due to her pain level and lack of motion. She notes that she is not able to run her household by herself as she depends on her family and friends to assist her. The ALJ discussed the medical records and expert opinions in detail. The ALJ gave significant weight to the opinion of the consultative examiner, Dr. Raju. (R. 32) Dr. Raju found that Plaintiff had normal range of movement and muscle strength, and was not limited in her ability to sit, stand, walk, hear, or speak. (R. 411-12) The ALJ found this opinion supported by the objective medical evidence, including numerous MRIs and x-rays that revealed normal or mild findings. (R. 447, 449, 473-74, 480, 489-91, 517, 266-67). Dr. Raju's findings were also supported by Plaintiff's reported daily activities, including shopping, driving, preparing food, and doing laundry. (R. 266-67).

The ALJ gave minimal weight to the opinions of consultative examiners Dr. Hildreth and Dr. Elmes, each of whom opined that Plaintiff suffered from more intensive limitations in her ability to sit, stand, and walk. An ALJ may afford a medical opinion less weight if it is inconsistent with the medical record. See 20 CFR §§ 404.1527(c)(4), 416.927(c)(4) and *Knight v. Chater*, 55 F. 3d 309, 314 (7th Cir. 1995). The ALJ gave numerous examples showing how Dr. Hildreth and Dr. Elmes' opinions conflicted with the other evidence of record.

First, the ALJ recognized that Dr. Hildreth and Dr. Elmes' opinions were "grossly inconsistent" with Dr. Raju's evaluation. Further, the ALJ referenced the numerous benign findings from MRIs, x-rays, and other diagnostic testing. These normal test results were more consistent with Dr. Raju's evaluation. The ALJ also considered the numerous daily activities of which Plaintiff reported, including shopping, driving, preparing food, and doing laundry.

Contrary to Plaintiff's argument, the ALJ did not ignore Dr. Hildreth and Dr. Elmes' opinions. While there was conflicting evidence of record, "[t]he ALJ's reasonable resolution of conflicts in the evidence is not subject to review, as we do not reweigh the

evidence." *Kapusta v. Sullivan*, 900 F. 2d 94, 97 (7th Cir. 1989). Plaintiff has not shown that the ALJ committed reversible error in evaluating the medical opinion evidence.

### b.    VE Recommendation

Plaintiff also argues that the ALJ erred in failing to follow the VE's recommendation that no jobs were available which Plaintiff was able to perform. During the hearing, the ALJ proposed several hypotheticals to the VE. To each hypothetical presented, the VE responded that she did not think an individual with those limitations would be able to work. (R. 87-99) However, the hypotheticals presented to the VE were based on the findings of Dr. Hildreth and Dr. Elmes' opinions. Therefore, once the ALJ reasonably limited the weight given to Dr. Hildreth and Dr. Elmes' it was logical for him to also reconsider relying on the VE's testimony. The ALJ then considered Plaintiff's limitations in conjunction with the Medical Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 1.  Based on Plaintiff's RFC, the ALJ reasonably determined that jobs exist in significant numbers which Plaintiff can perform.

### c.    ALJ's Conduct

Finally, Plaintiff argues that the ALJ made inappropriate jokes and was not listening to her during the hearing. During the hearing, the ALJ made some irrelevant and unnecessary comments, such as a reference to where one could find marijuana when he was growing up. However, to warrant reversal, Plaintiff must show that the ALJ was biased by demonstrating that the ALJ "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Keith v. Barnhart*, 473 F.3d 782, 790 (7th Circuit) (citing *Liteky v. United States*, 510 U.S. 540, 556 (1994)). Plaintiff has failed to show that the ALJ demonstrated any bias during the hearing.

### IV.    Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#15)** be **DENIED**, Defendant's Motion for Summary Judgment **(#17)** be **GRANTED**, and that the decision to deny benefits be affirmed.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within

14 days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

    ENTERED this 20th day of October, 2015.

                                                              s/DAVID G. BERNTHAL
                                          UNITED STATES MAGISTRATE JUDGE